10-3831-cr
USA v. Corrujedo-Sanchez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand eleven.

Present:
      ROBERT D. SACK,
      ROBERT A. KATZMANN,
      BARRINGTON D. PARKER,
          *Circuit Judges*.

———————————————————————————

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                  No. 10-3831-cr

JOSE LUIS CORRUJEDO-SANCHEZ, a/k/a Companero,

    *Defendant-Appellant*.

———————————————————————————

For Appellant:              YUANCHUNG LEE, New York, N.Y.

For Appellee:              PETER M. SKINNER, Assistant United States Attorney (Katherine Polk Failla, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of conviction by the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jose Luis Corrujedo-Sanchez appeals a September 21, 2010, judgment of conviction entered by the Southern District of New York (Crotty, *J.*) following his guilty plea to a one-count indictment charging him with conspiracy to distribute and to possess with the intent to distribute five kilograms or more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  On September 16, 2010, the district court sentenced Corrujedo-Sanchez to, principally, a sixty month term of imprisonment.  On appeal, Corrujedo-Sanchez contends that the district court's sentence is substantively unreasonable because it is "greater than necessary" to achieve the ends of sentencing set forth in 18 U.S.C. § 3553(a).

"We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard."  *United States v. Hernandez*, 604 F.3d 48, 52 (2d Cir. 2010).  In assessing the substantive reasonableness of a sentence, we set aside a district court's sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted), *cert. denied*, 129 S. Ct. 2735 (2009).  "We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).  Vacatur for substantive unreasonableness is

2

warranted where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d. Cir. 2009).

Upon careful review of the record, we conclude that the district court's sentence was substantively reasonable. The record on appeal clearly demonstrates that Corrujedo-Sanchez played a discrete but important role in a large transnational narcotics conspiracy. As Corrujedo-Sanchez stated during his plea colloquy, he "was sent [by] a person . . . from Mexico . . . to come [to New York] and distribute . . . 25 kilo[grams of cocaine]," "to introduce the buyer to the seller," and to "get the money" and deliver it to the individual brokering the sale of the cocaine. In addition, Corrujedo-Sanchez admitted to discussing the possibility of additional cocaine sales in the future with the Government's confidential informant. Moreover, in explaining the reasons for its sentence, the district court thoughtfully addressed Corrujedo-Sanchez's relatively limited role in the conspiracy as well as his sympathetic personal circumstances, including the fact that Corrujedo-Sanchez's primary motivation for engaging in criminal activity was his "need to provide for his family." Weighing these mitigating factors against the magnitude of Corrujedo-Sanchez's crime, the district court concluded that a sentence of 60 months' imprisonment, several months below the Guidelines range of 87 to 108 months, was appropriate. We find no substantive error in that conclusion.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3